UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK WALTZ, et al.,

                               Plaintiffs,                    1:12-CV-0507
v.                                                     (GTS/CFH)

BD. OF EDUC. OF THE HOOSICK FALLS CENT.
SCH. DIST.; KENNETH FACIN; JUDY WOODWARD;
AMY FERULLO; and HOOSICK FALLS TEACHERS'
ASS'N,

                               Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

COOPER ERVING & SAVAGE LLP        PHILLIP G. STECK, ESQ.
   Counsel for Plaintiffs
39 North Pearl Street
Albany, New York 12207

TABNER, RYAN AND KENIRY, LLP       WILLIAM RYAN, JR., ESQ.
   Counsel for Sch. Dist. Defendants        BRIAN M. QUINN, ESQ.
18 Corporate Woods Boulevard
Albany, New York 12211-2605

OFFICE OF RICHARD E. CASAGRANDE, ESQ.    HAROLD EISENSTEIN, ESQ.
   Counsel for Teachers' Ass'n Defendants
800 Troy-Schenectady Road
Latham, New York 12110-2455

HON. GLENN T. SUDDABY, United States District Judge

## <u>DECISION and ORDER</u>

       Currently before the Court in this civil rights action are the following motions: (1) a

motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P.

12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ.

P. 12(b)(6) by defendants, the Board of Education of the Hoosick Falls Central School District and Kenneth Facin (collectively, "the School District") (Dkt. No. 13); (2) a motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) by defendants, Judy Woodard, Amy Ferullo and the Hoosick Falls Teachers' Association (collectively, "the Association") (Dkt. No. 14); and (3) a motion to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(2) by plaintiffs, twenty-seven retirees of the Hoosick Falls Central School District ("Plaintiffs") (Dkt. No. 16). For the reasons set forth below, Defendants' motions to dismiss are granted and Plaintiffs' motion to amend is denied.

## I. RELEVANT BACKGROUND

### A. Plaintiffs' Claims

Generally, Plaintiffs' Complaint asserts a claim of conspiracy to violate Plaintiffs' contractual health insurance rights "to an indemnity-type health insurance plan including major medical coverage" in violation of Article 1, Section 10 of the United States Constitution under 42 U.S.C. §§ 1983 and 1985.

Plaintiffs' proposed Amended Complaint reasserts their Contract Clause claim and adds claims that Defendants conspired to violate Plaintiffs' rights under the Takings Clause of the Fifth Amendment and Plaintiffs' procedural due process rights under the Fourteenth Amendment.

### D. Pending Motions

#### 1. The School District's Motion to Dismiss

Generally, in support of its motion to dismiss, the School District argues as follows: (1) Plaintiffs' Complaint fails to state a claim under the Contract Clause because (a) this case does

not involve any legislative action, (b) Plaintiffs have not plausibly alleged a contractual impairment, (c) the impairment Plaintiffs allege is insubstantial, and (d) Plaintiffs' cannot recover the monetary damages they seek under the Contract Clause; (2) Plaintiffs' Complaint fails to state a claim under Section 1983 because Plaintiffs have not alleged and cannot prove a deprivation of a constitutional or statutory right; (3) Plaintiffs' Complaint fails to state a claim under Section 1985 because Plaintiffs have not plausibly alleged a conspiracy or that the conspiracy was motivated by racial or other class-based discrimination; and (4) Plaintiffs cannot recover attorneys' fees under 42 U.S.C. § 1988 because they cannot prevail on their claims under Sections 1983 or 1985. (*See generally* Dkt. No. 13-1 [Sch. Dist.'s Mem. of Law].)

### 2. The Association's Motion to Dismiss

Generally, in support of its motion to dismiss, the Association argues as follows: (1) Plaintiffs fail to state a claim for a violation of their rights under the Contract Clause because they do not allege any legislative action; (2) Plaintiffs fail to state a claim for a violation of their due process rights under the Fourteenth Amendment because they do not have a constitutionally protected property interest in a particular level of health care benefits; (3) Plaintiffs fail to state a claim under § 1983 because they do not allege any facts plausibly suggesting that the Association Defendants are state actors; (4) Plaintiffs fail to state a claim under § 1985 because they do not allege any facts plausibly suggesting a conspiracy that was motivated by racial or class-based discrimination; and (5) Plaintiffs' claims arise, if at all, under state, not federal, law and therefore, should be dismissed for lack of subject matter jurisdiction because without any legislative action, Plaintiffs' have actually pleaded either a claim for breach of the duty of fair representation or a claim for a violation of New York's moratorium laws on the diminution of retiree health benefits. (*See generally* Dkt. No. 14-2 [Ass'n's Mem. of Law].)

### 3. Plaintiffs' Opposition to Defendants' Motions to Dismiss and Plaintiff's Cross-Motion to Amend Their Complaint

In Plaintiffs' response to Defendants' motions to dismiss, they argue as follows: (1) there was legislative action in this case because, by either authorizing the superintendent to execute the collective bargaining agreement or by adopting the agreement itself, the Board of Education may exercise its legislative authority; (2) Plaintiffs alleged an impairment of a contract because the Defendants re-negotiated the terms of the collective bargaining agreement in contravention of the unambiguous terms of the agreement; (3) under § 1983, a conspiracy may exist between a state actor and a private entity; (4) Plaintiffs have alleged facts plausibly suggesting that the effect of the impairment of the collective bargaining agreement is substantial; and (5) Plaintiffs may bring a Contract Clause claim pursuant to § 1983. (*See generally* Dkt. No. 16-1, at 5-11 [Pls.' Response Mem. of Law].)

Generally, in support of their motion to amend, Plaintiffs argue as follows: (1) Plaintiffs should be allowed to amend their complaint to add a claim under the Takings Clause of the Fifth Amendment pursuant to *Professional Firefighters of Omaha v. Zalewski*, No. 10-CV-198, 2010 WL 2426446 (D. Neb. June 10, 2010); and (2) Plaintiffs should be allowed to amend their complaint to add a procedural due process claim because the collective bargaining agreement created a property interest. (*See generally* Dkt. No. 16-1, at 11-13 [Pls.' Mem. of Law].)

### 4. Defendants' Replies and Opposition to Plaintiff's Motion to Amend

In its reply, the School District essentially reiterates previously advanced arguments regarding Plaintiffs' Contract Clause claim, with the exception of noting Plaintiffs' apparent concession that their § 1985 claim is not viable and should be dismissed. In opposition to Plaintiffs' motion to amend, the School District argues that (1) Plaintiffs' proposed takings claim is futile because (a) Plaintiffs do not have a protected property interest in any specific type of

health insurance plan and have failed to allege any actual economic loss and (b) no taking occurred, as Plaintiffs are still afforded health insurance and the School District's participation in collective bargaining negotiations is not the requisite level of government action for a takings claim; and (2) Plaintiffs' proposed procedural due process claim is futile because they have not alleged the denial of any property interest protected by the Due Process Clause. (*See generally* Dkt. No. 17 [Sch. Dist.'s Reply Mem. of Law].)

In its reply, the Association essentially reiterates previously advanced arguments, except that it argues that ratification of a collective bargaining agreement by a Board of Education is not legislative action for purposes of asserting a Contract Clause claim. In opposition to Plaintiffs' motion to amend, the Association argues that Plaintiffs' proposed claims are futile because Plaintiffs do not allege a constitutionally protected property interest. (*See generally* Dkt. No. 18 [Ass'n's Reply Mem. of Law].)

### 5.     Plaintiffs' Surreply

Generally, in their surreply, Plaintiffs assert the following arguments: (1) there is no caselaw to support the argument that the legislation and ratification of a collective bargaining agreement by a Board of Education is not legislative action as contemplated by the Contract Clause simply because it is not accompanied by a local law or ordinance; (2) the collective bargaining agreement in this case created vested rights that continue after its expiration; (3) whether or not there is a violation of State law is irrelevant to the question of whether Plaintiffs may bring a claim for violations of the United States Constitution; (4) Defendants have cited no caselaw supporting the argument that the Takings Clause is inapplicable to the precise facts of this case where the collective bargaining agreement at issue created long-term property rights; and (5) contract rights are protected under the Due Process Clause. (*See generally* Dkt. No. 19 [Pls.' Surreply Br.].)

In their motion papers, the parties have demonstrated an adequate understanding of the factual allegations asserted in Plaintiff's Complaint and proposed Amended Complaint. As a result, the Court will not recite that information in its entirety in this Decision and Order, which is intended primarily for the review of the parties. Rather, the Court will do so only where necessary below in Part III of this Decision and Order.

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Dismissal for Failure to State Claim

For the sake of brevity, the Court will not recite, in this Decision and Order, the well-known legal standard governing dismissals for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), but will direct the reader to the Court's decision in *Wade v. Tiffin Motorhomes, Inc.*, 686 F. Supp. 2d 174, 181-183 (N.D.N.Y. 2009) (Suddaby, J.).

However, a few words are appropriate regarding what documents are considered when deciding whether a complaint must be dismissed under Rule 12(b)(6). The court may consider the following documents without triggering the summary judgment standard: "(1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference into the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case." *Planck v. Schenectady Cnty.*, No. 12-CV-0336, 2012 WL 1977972, at *5 (N.D.N.Y. June 1, 2012) (Suddaby, J.).

### B. Legal Standard Governing Motions to Dismiss for Lack of Subject Matter Jurisdiction

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S. Cit. 2396 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court

lacks constitutional or statutory power to adjudicate it. *See Makarova v. United States*, 201 F.3d

110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when

resolving whether to dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113.

The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the

evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.

1996)). When a court evaluates whether to dismiss for lack of subject-matter jurisdiction, all

ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v.

Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at

113).

### C.      Legal Standard Governing Motions for Leave to Amend

A motion for leave to amend a complaint is governed by Rule 15 of the Federal Rules of

Civil Procedure, which states that leave to amend should be freely given "when justice so

requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962);

*Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir.1993). Pursuant to Fed. R. Civ. P. 15(a)(2),

leave to amend a complaint should be freely given in the absence of any apparent or declared

reason to not grant leave to amend, such as undue delay, bad faith or dilatory motive on the part

of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, or futility of

amendment. *See Foman*, 371 U.S. at 182; *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block–Bldg. 1

Hous.*, 608 F.2d 28, 42 (2d Cir.1979); *Meyer v. First Franklin Loan Servs, Inc.*, No. 08-CV-

1332, 2010 WL 277090, at *1 (N.D.N.Y. Jan. 19, 2010); *Jones v. McMahon*, No. 98-CV-0374,

2007 WL 2027910, at *10 (N.D.N.Y. July 11, 2007).

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Annunziato v. Collecto, Inc.*, — F. Supp. 2d —, —, 2013 WL 4045810, at *3 (E.D.N.Y. 2013) (citing *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir.2002)). Therefore a proposed amendment is not futile if it states a claim upon which relief can be granted. *See id.* (citations omitted).

### D. Legal Standards Governing Plaintiffs' Claim and Proposed Claims

#### 1. 42 U.S.C. § 1983

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege "(1) that some person has deprived him of a federal right, and (2) that the person who has deprived him of that right acted under color of state ... law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920 (1980) (internal quotations omitted)). "Section 1983 is not itself a source of substantive rights[,] but merely provides a method for vindicating federal rights elsewhere conferred[.]" *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 S. Ct. 2689 (1979)).

A municipality may only be liable on a § 1983 claim "if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018 (1978)). In the absence of such a custom or policy, a municipality may not be held liable on a § 1983 claim for the actions of its employees under a theory of vicarious liability. *See Jones*, 691 F.3d at 80 (citing *Monell*, 436 U.S. at 691, 98 S. Ct. 2018).

"For purposes of § 1983, school districts are considered to be local governments and are subject to similar liability as local governments under *Monell*." *Dzugas-Smith v. Southold Union Free Sch. Dist.*, No. 08-CV-1319, 2012 WL 1655540, at *20 (E.D.N.Y. May 9, 2012). "A school district's liability under *Monell* may be premised on any of three theories: (1) that a district employee was acting pursuant to an expressly adopted official policy; (2) that a district employee was acting pursuant to a longstanding practice or custom; or (3) that a district employee was acting as a 'final policymaker.'" *Hurdle v. Bd. of Educ. of City of New York*, 113 F. App'x 423, 424-425 (2d Cir. 2004) (quoting *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004) (internal citations omitted)).

## 2. Conspiracy to Violate Civil Rights

In order to survive a motion to dismiss on a conspiracy claim under § 1983 a plaintiff must allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. County of Nassau*, 292 F.3d 307, 324-325 (2d Cir. 2002). A plaintiff asserting a § 1983 conspiracy claim must first successfully allege a violation of the underlying constitutional right. *See Clark v. City of Oswego*, No. 03-CV-202, 2007 WL 925724, at *7 (N.D.N.Y. Mar. 26, 2007) (citing *Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir.1995)). Further, "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambrello*, 292 F.3d at 325 (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir.1993) (citations, internal quotation marks, and internal alterations omitted)). Finally, under the intracorporate conspiracy doctrine, "[w]here the individual

defendants are all employees of the same institutional defendant, a claim of conspiracy will not stand." *Clark*, 2007 WL 925724, at *7 (quoting *Nat'l Congress for Puerto Rican Rights v. City of New York*, 75 F. Supp. 2d 154, 168 (S.D.N.Y.1999) (internal quotations and citation omitted)).

In order to survive a motion to dismiss a conspiracy claim under § 1985(3), a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States ." *Thomas v. City of New York*, No. 12-CV-5061, 2013 WL 3810217, at *5 (E.D.N.Y. July 23, 2013) (quoting *United Bhd. of Carpenters v. Scott*, 463 U.S. 825, 828-29, 103 S. Ct. 3352 (1983)). In addition, a plaintiff must allege that the conspiracy is "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Thomas*, 2013 WL 3810217, at *5 (quoting *Britt v. Garcia*, 457 F.3d 264, 270, n.4 (2d Cir. 2006) (internal quotation marks omitted)). Because § 1985 has no state action requirement, a claim of conspiracy may be viable against private entities or individuals. *See Thomas*, 2013 WL 3810217, at *5, n.5.

### 3. Contract Clause

The United States Constitution provides, in relevant part, that "[n]o State shall .... pass any ... Law impairing the Obligation of Contracts...." U.S. Const. art. I, § 10, cl. 1. Although the language of the Contract Clause is seemingly absolute, its language is "necessarily limited by the State's sovereign power to protect the health, safety and welfare of its citizens." *Donohue v. Paterson*, 715 F. Supp. 2d 306, 318 (N.D.N.Y. 2010) (citing *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 241, 98 S. Ct. 2716 (1978)). Thus, "[a] state may take necessary

measures in pursuit of [these] legitimate state goals without bar by the [C]ontract [C]lause even though some contract rights may to some degree be modified or affected." *Eric M. Berman, P.C. v. City of New York*, 895 F. Supp. 2d 453, 499 (E.D.N.Y. 2012) (quoting *Kirshner v. United States*, 603 F.2d 234, 239 (2d Cir.1978)).

As a threshold matter, courts have said that only legislative action can violate the Contract Clause. *See Montauk Bus Co., Inc. v. Utica City Sch. Dist*., 30 F. Supp. 2d 313, 319 (N.D.N.Y. 1998) (citing *Kinney v. Connecticut Judicial Dep't*, 974 F.2d 313, 314 (2d Cir.1992) (*per curiam*)) (citing *Ogden v. Saunders*, 25 U.S. 213, 265-68 (1827))). Thus, the Contract Clause is only violated when a law of the State impairs an obligation of a contract. *See Montauk Bus Co.*, 30 F. Supp. 2d at 319 (quoting *New Orleans Water-Works Co. v. Louisiana Sugar Ref. Co.*, 125 U.S. 18, 30, 8 S. Ct. 741 (1888) ("In order to come within the provision of the constitution of the United States which declares that no state shall pass any law impairing the obligation of contracts, not only must the obligation of a contract have been impaired, but it must have been impaired by a law of the state.")). Courts have made clear that State judicial decisions "or the acts of administrative or executive boards or officers, or the doings of corporations or individuals" are not to be deemed legislative action for purposes of applying the Contract Clause. *See Kinney*, 974 F.2d at 314 (citing *New Orleans Water-Works*, 125 U.S. at 30, 8 S. Ct. 741). "Any enactment, such as a by-law or ordinance of a municipal corporation, to which a state gives the force of law, is a statute of the state within the meaning of the Contract Clause." *See Montauk Bus Co.*, 30 F. Supp. 2d at 319 (citing *New Orleans Water-Works*, 125 U.S. at 31, 8 S. Ct. 741).

In analyzing the extent to which the Contract Clause limits State power, the court should consider three questions: "(1) whether the contractual impairment is in fact substantial; if so, (2) whether the law serves a significant public purpose, such as remedying a general social or economic problem; and, if such a public purpose is demonstrated, (3) whether the means chosen to accomplish this purpose are reasonable and appropriate." *Donohue*, 715 F. Supp. 2d at 318 (quoting *Sanitation and Recycling Indus., Inc. v. City of New York*, 107 F.3d 985, 993 (2d Cir.1997) (citing *Energy Reserves Group, Inc. v. Kansas Power & Light Co.*, 459 U.S. 400, 411–13, 103 S. Ct. 697 (1983); *Allied Structural Steel*, 438 U.S. at 242-44, 98 S. Ct. 2716; *United States Trust Co. of New York v. New Jersey*, 431 U.S. 1, 97 S. Ct. 1505 (1977))). "The first question—whether the state law has operated as a substantial impairment of a contractual relationship—is a threshold inquiry that, in turn, requires the court to consider three additional sub-questions: "whether there is a contractual relationship, whether a change in law impairs that contractual relationship, and whether the impairment is substantial." *Eric M. Berman, P.C.*, 895 F. Supp. 2d at 500 (quoting *General Motors Corp. v. Romein*, 503 U.S. 181, 186, 112 S. Ct. 1105 (1992)).

### 4. Takings Clause

The Takings Clause of the Fifth Amendment to the United States Constitution states that private property shall not "be taken for public use, without just compensation." U.S. Const. amend. V. Therefore, to state a claim for a violation of the Takings Clause, a plaintiff must allege facts plausibly suggesting: "(1) a property interest (2) that has been taken under color of state law (3) without just compensation." *West 95 Hous. Corp. v. New York City Dep't of Hous. Pres. and Dev*., No. 01-CV-1345, 2001 WL 664628, at *9 (S.D.N.Y. June 12, 2001) (quoting *Frooks v. Town of Cortlandt*, 997 F. Supp. 438, 452 (S.D.N.Y.1998)).

### 5.     Procedural Due Process Claim

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  Thus, in order to state a claim for violation of one's rights under the Due Process Clause, a plaintiff must first allege that he or she possesses a liberty or property interest protected by the Constitution or federal statutes.  *See Little v. City of New York*, 487 F. Supp. 2d 426, 442 (S.D.N.Y.2007) (citing *Ciambriello*, 292 F.3d at 313).

In addition, when challenging the alleged deprivation of one's procedural due process rights, a plaintiff must allege that he or she was deprived of a property or liberty interest without having received notice and an opportunity to be heard regarding the deprivation.  *See Ceja v. Vacca*, 503 F. App'x 20 (2d Cir. 2012) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487 (1985)). Where adequate pre-deprivation and post deprivation remedies are available under state law, a party may not prevail on his due process claim.  *See Rackley v. City of New York*, 186 F. Supp. 2d 466, 481-82 (S.D.N.Y.2002) (citing cases).

## III.     ANALYSIS

### A.     Whether the Execution of a Collective Bargaining Agreement is Legislative Action for Purposes of a Contract Clause Claim

After carefully considering the matter, the Court answers this question in the negative generally for the reasons stated by Defendants in their respective memoranda of law.  (Dkt. No. 13-1, at 8-9 [Def. Sch. Dist.'s Mem. of Law]; Dkt. No. 14-2, at 5-6 [Def. Ass'n's Mem. of Law].)  The Court would add the following analysis.

According to Plaintiffs, the School District's adoption of the 2010-2015 collective bargaining agreement constitutes legislative action as contemplated by the Contract Clause.

Defendants argue that instead, the School District's power to approve the 2010-2015 collective bargaining agreement is administrative, not legislative, and therefore does not implicate the Contract Clause.

Plaintiffs point to the allegation in their Complaint and in their proposed Amended Complaint that "the School District is liable [for damages under § 1983] because (i) Superintendent Facin was granted authority by the Board of Education to act for the School District with respect to the 2010-2015 collective bargaining agreement and/or (ii) the Board of Education adopted the 2010-2015 collective bargaining agreement as official policy of the School District." (Dkt. No. 1, at ¶ 38 [Pls.' Compl.]; Dkt. No. 16-2, at ¶ 38 [Pls.' proposed Am. Compl.].) For legal support, Plaintiffs cite a New York Court of Appeals opinion, which they contend stands for the conclusion that "[t]he Board of Education may exercise its legislative function either by authorizing the Superintendent of Schools to execute the [collective bargaining] agreement or by adopting the agreement itself." (Dkt. No. 16-1, at 6 [Pls.' Mem. of Law] [citing *Bd. of Educ. for the Buffalo Sch. Dist. v. Buffalo Teachers Fed'n, Inc.*, 675 N.E.2d 1202, 89 N.Y.2d 370, 653 N.Y.S.2d 250 (N.Y. 1996)].) That case, however, dealt with the issue of whether a Board of Education is required to approve or fund a collective bargaining agreement it reached with a teachers' union, not, as here, whether such approval is legislative action for purposes of applying the Contract Clause. Moreover, Plaintiffs' reliance on *Board of Education for the Buffalo School District* for the proposition that a School District's approval of a collective bargaining agreement is legislative action is misplaced. In deciding that the Board was required to approve a collective bargaining agreement it reached with the union, the Court rejected the Board's argument that certain compensation features of the agreement were subject to additional legislative approval by the Board, holding that the law does not require this

additional step. Specifically, the Court acknowledged that the Board's "authority to expend education funds flows directly from the Legislature's delegation. The power the Board enjoys over its budget is that of spending and allocating money, not one of appropriation. That unique power is possessed solely by the Common Council of the City of Buffalo." *Bd. of Educ. for the Buffalo Sch. Dist.*, 675 N.E.2d at 1205, 89 N.Y.2d at 377, 653 N.Y.S.2d at 253. Following this same line of reasoning, the School District's power to approve the 2010-2015 collective bargaining agreement, like their power to spend and allocate funds, would be administrative, not legislative, as Plaintiffs contend.

To be sure, Plaintiffs cite a series of cases where federal courts have held that municipal governments interfered with the contractual health benefits of retirees in violation of the Contract Clause. *See Zalewski*, 2010 WL 2426446; *Am. Fed'n of State, Cnty., & Mun. Emps. v. Benton, Ark.*, No. 04-CV-492, 2007 WL 496760 (E.D.Ark. Feb. 13, 2007); *Mayborg v. City of St. Bernard*, No. 04-CV-00249, 2006 WL 3803393 (S.D.Ohio 2006); *San Diego Police Officers' Ass'n v. Aguirre*, No. 05-CV-1581, 2005 WL 3180000 (S.D.Cal. 2005). However, each of those cases involved a municipal ordinance which has the force and effect of law. "[M]unicipal legislation which is passed under supposed legislative authority from the state" is legislative action within the ambit of the Contract Clause. *Ritzie v. City Univ. of New York*, 703 F. Supp. 271, 277 (S.D.N.Y. 1989) (citing *Northern Pac. Ry. Co. v. State of Minn. ex rel. City of Duluth*, 208 U.S. 583, 590, 28 S. Ct. 341, 343 (1908)). By contrast, courts have held that actions taken by School Districts through votes of the Board of Education are not legislative actions within the meaning of the Contract Clause. *See Chaffer v. Bd. of Educ. of Long Beach Sch. Dist.*, 229 F. Supp. 2d 185, 191 (E.D.N.Y. 2002) (finding vote by the Board of Education to terminate plaintiff's employment was not legislative action under the Contract Clause); *Montauk Bus Co.,*

30 F. Supp. 2d at 319 (finding that votes by a Board of Education to reject bids or award contracts do not constitute legislative acts for Contract Clause purposes). It follows, therefore, that when, as here, a School District approves a collective bargaining agreement, such action is administrative, not legislative.

Accordingly, because Plaintiffs have failed to allege legislative action, their Contract Clause claim is dismissed.

### B. Whether Plaintiffs Have Alleged Facts Plausibly Suggesting a Conspiracy

After carefully considering the matter, the Court answers this question in the negative generally for the reasons stated by Defendants in their respective memoranda of law. (Dkt. No. 13-1, at 17-19 [Def. Sch. Dist.'s Mem. of Law]; Dkt. No. 14-2, at 6-7 [Def. Ass'n's Mem. of Law].) The Court would add the following analysis.

As indicated in Part II.D.2. of this Decision and Order, "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambrello*, 292 F.3d at 325 (quoting *Dwares*, 985 F.2d at 100). In other words, in order to successfully plead a conspiracy claim, under either § 1983 or § 1985, "a plaintiff must allege facts that plausibly suggest a meeting of the minds, such as that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Bermudez v. City of New York*, No. 11-CV-750, 2013 WL 593791, at *8 (S.D.N.Y. Feb. 14, 2013) (citations and internal quotations omitted). *See also Webb v. Goord*, 340 F.3d 105, 111 (2d Cir.2003) (upholding dismissal of conspiracy claim where the plaintiffs did not allege, "except in the most conclusory fashion, that any such meeting of the minds occurred among any or all of the defendants").

Here, in their proposed Amended Complaint, Plaintiffs assert that "Defendants have conspired to violate the contractual health insurance rights of retirees to an indemnity-type health insurance plan including major medical coverage." (Dkt. No. 1, at ¶ 28 [Pls.'s Compl.]; Dkt. No. 16-2, at ¶ 28 [Pls.' proposed Am. Compl.].) Plaintiffs further assert, in their proposed Amended Complaint, that Defendants, "acting in concert" deprived them of their rights under the Takings Clause and the Due Process Clause. (Dkt. No. 16-2, at ¶¶ 40, 45.) Plaintiffs' Complaint and proposed Amended Complaint are devoid of any allegations of specific instances of conduct plausibly suggesting a conspiracy or any "meeting of the minds" beyond the fact that the School District Defendants and Association Defendants negotiated the collective bargaining agreement at issue. For this reason, Plaintiffs' conspiracy claims are dismissed.

### C. Whether Plaintiffs Have Alleged Facts Plausibly Suggesting Class-Based Discriminatory Animus

After carefully considering the matter, the Court answers this question in the negative generally for the reasons stated by Defendants in their respective memoranda of law. (Dkt. No. 13-1, at 17-18 [Def. Sch. Dist.'s Mem. of Law]; Dkt. No. 14-2, at 12-13 [Def. Ass'n's Mem. of Law].) The Court would add the following two points.

First, in this District, when a non-movant fails to oppose a legal argument asserted by a movant in support of a motion, the movant's burden with regard to that argument has been lightened such that, in order to succeed on that argument, the movant need only show that the argument possesses facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b) (3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein...."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n. 1

(N.D.N.Y. Oct.30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & n. 3 (N.D.N.Y. Aug.7, 2009) (Suddaby, J.) (collecting cases). Here, Plaintiffs have failed to oppose Defendants' motion to dismiss the § 1985 claim against them on the basis that Plaintiffs have not alleged that Defendants were motivated by some racial or other class-based discriminatory animus. At the very least, Defendants have met the lightened burden that was created by Plaintiffs' failure to respond. For this reason, Defendants' motion to dismiss the § 1985 claim against them is granted.

Second, as indicated in Part II.D.2. of this Decision and Order, in order to survive a motion to dismiss a conspiracy claim under § 1985(3), a plaintiff must allege, among other things, the conspiracy is "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Thomas*, 2013 WL 3810217, at *5 (quoting *Britt*, 457 F.3d at 270, n.4 (internal quotation marks omitted)). Here, other than having identified themselves as retired teachers formerly employed by the School District and retired members of the Association, Plaintiffs have not identified themselves as members of any class, much less a class of persons protected under § 1985. Plaintiffs have presented no legal support for a finding that retirees are a protected class. Accordingly, for this additional reason, Defendants' motions to dismiss Plaintiffs' § 1985 claim is granted.

### D. Whether Plaintiffs Have Alleged Facts Plausibly Suggesting That They Possess a Property Interest Protected Under the Fifth and Fourteenth Amendments

After carefully considering the matter, the Court answers this question in the negative generally for the reasons stated by Defendants in their respective memoranda of law. (Dkt. No. 17, at 5-9 [Def. Sch. Dist.'s Reply Mem. of Law]; Dkt. No. 18, at 9-10 [Def. Ass'n's Reply Mem. of Law].) The Court would add the following analysis.

To state a claim under either the Takings Clause of the Fifth Amendment or the Due Process Clause of the Fourteenth Amendment, a plaintiff must allege facts plausibly suggesting that the state action deprives him or her of a protected property interest. *See Escoe v. Shalala*, 842 F. Supp. 646, 651 (N.D.N.Y. 1994) (citing *Story v. Green*, 978 F.2d 60, 62 (2d Cir.1992) (citing *Board of Regents v. Roth*, 408 U.S. 564, 92 S. Ct. 2701, 2708-10 (1972) (due process claim)); *West Farms Assoc. v. State Traffic Comm'n*, 951 F.2d 469, 472 (2d Cir.1991) (due process claim); *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1000-04, 104 S. Ct. 2862, 2871-74 (1984) (takings claim)).

Here, Plaintiffs' proposed Amended Complaint includes the following allegations in support of their proposed Takings Clause claim:

> Plaintiffs had a legitimate expectation that they would receive the benefits as provided in the 2003-2010 collective bargaining agreement applicable to their entitlements as retired employees of the [] School District. The 2010-2015 collective bargaining agreement diminished the vested rights of the plaintiffs, and as such, the defendants violated the [T]akings [C]lause of the [Fifth Amendment].

(Dkt. No. 16-2, at ¶¶ 41-42 [Pls.' proposed Am. Compl.].) In support of their proposed Due Process Clause claim, Plaintiffs allege that they "had a property interest in the 2003-2010 collective bargaining agreement which extended their retiree health benefits at least [five] years beyond the expectation of that agreement," and that, when defendants "repealed the extender provision and adopted the 2010-2015 [collective bargaining agreement], they deprived plaintiffs of due process of law by denying plaintiffs the opportunity to vote on whether or not to approve the 2010-2015 collective bargaining agreement." (*Id.* at ¶¶ 44-45.)

As an initial matter, the Court notes that Plaintiffs' argument in support of their motion to amend their Complaint to add a Takings Clause claim is insufficient. Plaintiffs' argument is

limited to one paragraph wherein they assert that it is their intention to amend their Complaint to add a Takings Clause claim "using identical language from the complaint in the Eighth Circuit case[,]" citing a case from the District of Nebraska, which they erroneously contend was affirmed by the Court of Appeals for the Eighth Circuit.[1]  (*See* Dkt. No. 16-1, at 11 [Pls.' Mem. of Law] [citing *Zalewski*, 2010 WL 2426446].)  Plaintiffs fail to address the viability of such a claim in this case, nor do Plaintiffs identify the language in the complaint in the District of Nebraska case that they intend to use here, which does not appear anywhere in the text of the cited opinion.  For this reason alone, the Court may properly deny Plaintiffs' motion to amend their Complaint to add a Takings Clause claim.

In any event, the cases cited by Plaintiff in support of their argument that they possess a protected property interest in health insurance benefits provided for in a collective bargaining agreement are either distinguishable from the facts of this case or conflict with caselaw from the Second Circuit.  For example, in the District of Nebraska case cited by Plaintiffs, the Court there found that the plaintiffs, retired firefighters, police officers and city employees, had a probability of success on the merits of their claims, including a claim under the Takings Clause, because the collective bargaining agreement in that case provided for health insurance substantially similar to that which was provided in the agreement at the time of an employee's retirement.  *See Zalewski*, 2010 WL 2426446, at *3.  However, at least one District Court in the Second Circuit granted summary judgment in favor of a defendant town and denied a cross-motion for summary judgment by plaintiffs, retired town employees, on a § 1983 claim for violation of the plaintiffs'

---

[1]    The cited Eighth Circuit case, *Professional Firefighters Ass'n of Omaha v. Zalewski*, 678 F.3d 640 (8th Cir. 2012), affirmed a different decision by the District Court in the same case regarding class settlement but did not discuss the plaintiffs' Takings Clause claim.

rights under the Due Process Clause, on the basis that plaintiffs' contractual right, under a collective bargaining agreement, to a certain level of health insurance benefits for life, is not a constitutionally protected property interest. *See Lawrence v. Town of Irondequoit*, 246 F. Supp. 2d 150, 156-158 (W.D.N.Y. 2002). *See also Huffman v. Town of La Plata*, No. 04-CV-2833, 2005 WL 1038854, at *6 (D. Md. May 4, 2005) (reaching same result). Moreover, the Court in *Jackson v. Roslyn Bd. of Educ.*, 652 F. Supp. 2d 332 (E.D.N.Y. 2009), cited by Plaintiffs, distinguished *Lawrence* from the facts in its case because in *Lawrence*, as here, the plaintiffs claimed a right to a specific type of health insurance, whereas in *Jackson*, plaintiffs were deprived of any health insurance at all. *See Jackson*, 652 F. Supp. 2d at 341-342. Accordingly, Plaintiffs' reliance on *Jackson* is misplaced.

Here, as in *Lawrence*, Plaintiffs claim that their contractual rights under the collective bargaining agreement at issue creates a property interest under the United States Constitution. For the same reasons elucidated by the Court in *Lawrence*, this Court likewise concludes that, even assuming the 2003-2010 collective bargaining agreement created an obligation on the part of the School District to continue to provide Plaintiffs health insurance benefits identical to or better than the health insurance benefits in existence at the time of their retirement, Plaintiffs' rights under that contract do not rise to the level of a constitutionally protected property interest. *See Lawrence*, 246 F. Supp. 2d at 156-158. It follows that, there being no constitutionally protected property interest, Plaintiffs' proposed claims under the Takings Clause and Due Process Clause are futile. Therefore, Plaintiffs' motion to amend their Complaint is denied.

**ACCORDINGLY,** it is

**ORDERED** that the motion to dismiss Plaintiffs' Complaint by Defendants, Kenneth

Facin and the Board of Education of the Hoosick Falls Central School District, (Dkt. No. 13) is

<u>**GRANTED**</u> ; and it is further

**ORDERED** that the motion to dismiss Plaintiffs' Complaint by Defendants, Judy

Woodard, Amy Ferullo and the Hoosick Falls Teachers' Association, (Dkt. No. 14) is

<u>**GRANTED**</u>; and it is further

**ORDERED** that Plaintiffs' cross-motion to amend their Complaint, (Dkt. No. 16 ) is

<u>**DENIED**</u>.

The Clerk of the Court is directed to close this case.

Dated: September 10, 2013
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge